STATE of Wisconsin, Plaintiff-Respondent,

v.

Wallace HARDWICK, Defendant-Appellant.†

Court of Appeals

*No. 87–0450–CR. Submitted on briefs February 24, 1988.—*
*Decided March 30, 1988.*

(Also reported in 422 N.W.2d 922.)

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *William L. Gansner,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   Wallace Hardwick appeals from an order denying a motion to vacate the sentence imposed following a probation revocation hearing. His argument is that he was not afforded the assistance of counsel at a prior hearing extending the probation. He also contends that the trial court did not make the

determination of "good cause" necessary to extend probation. Hardwick's arguments are unpersuasive; we affirm.

Hardwick pled guilty to a charge of homicide by intoxicated use of a vehicle. Sentence was withheld and he was placed on probation for three years on the condition that he pay costs, attorney's fees and $25 per month restitution to the victim's family. Approximately two weeks prior to the expiration of the term of probation, Hardwick appeared without counsel before the trial court at a probation extension hearing. After hearing from both Hardwick and his probation officer, the trial court extended Hardwick's probation for two years and continued the requirement that he pay restitution. Hardwick's probation was subsequently revoked during the term of extended probation, and he was sentenced to a term of not more than five years in prison.

Hardwick argues that the trial court was deprived of the "authority/jurisdiction" to revoke his probation and impose sentence because the prior extension was ordered in violation of his right to counsel at all "critical stages" of criminal proceedings, citing U.S. Const. amend. VI and Wis. Const. art. I, sec. 7, and in violation of his due process right to counsel, citing U.S. Const. amend. V and Wis. Const. art. I, sec. 8.

We agree with the state that there is no right to counsel in probation extension proceedings under either the sixth amendment or art. I, sec. 7 of the Wisconsin Constitution. The right to counsel under those provisions is applicable only to critical stages of criminal proceedings. *White v. Maryland,* 373 U.S. 59, 60 (1963); *State v. Strickland,* 27 Wis. 2d 623, 635, 135 N.W.2d 295, 302 (1965). While sentencing following

probation revocation is a critical stage of a criminal proceeding, *Mempa v. Rhay*, 389 U.S. 128, 137 (1967); *Strickland*, 27 Wis. 2d at 635, 135 N.W.2d at 302, probation itself is not a sentence but an alternative to sentencing.[1] *Prue v. State*, 63 Wis. 2d 109, 114–16, 216 N.W.2d 43, 45–46 (1974). Moreover, a probation proceeding—whether it be for revocation or extension of probation—is not a criminal proceeding. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *State ex rel. Lyons v. DHSS*, 105 Wis. 2d 146, 149, 312 N.W.2d 868, 870 (Ct. App. 1981). As probation proceedings are not criminal in nature, they cannot be termed "critical stages" of criminal proceedings to which the right to counsel attaches.

The question remains whether due process confers a right to counsel at probation hearings. We find no case law directly on point. Both parties cite cases involving the right to counsel at probation and parole revocation proceedings, not extensions.[2] Hardwick contends that his due process right to counsel at a probation extension hearing arises under the principles of *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), a probation revocation case.

In *Scarpelli*, the Court held that there was no absolute right to counsel at a probation revocation hearing. *Id.* at 787. Rather, the Court held that "the

[1]This is true even though sec. 973.09, Stats., governing probation, appears in ch. 973, Stats., entitled "Sentencing." *Prue v. State*, 63 Wis. 2d 109, 115–16, 216 N.W.2d 43, 46 (1974).

[2]The cases we discuss involve both revocation of parole and revocation of probation. We do not hesitate to apply them interchangeably. "[T]here is [no] difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973).

decision as to the need for counsel must be made on a case-by-case basis, in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole systems" *Id.* at 790. Hardwick seeks to have us apply this conditional right to counsel to the extension process.

However, not all situations mandate the same kind of procedural safeguards. *Morrissey,* 408 U.S. at 481. Due process is flexible and requires such procedural protections as the particular situation demands. *Id.* Consideration of what process is due begins with a determination of the private interests affected by governmental action and the precise nature of the government function involved. *Id.*

*Scarpelli* dealt with a probation revocation hearing. There are two possible consequences for the probationer at a revocation hearing: probation will be revoked with resulting incarceration, or the probation will not be revoked and the probation term will continue. The potential for loss of liberty due to incarceration following a revocation hearing is what convinced the *Scarpelli* Court that there exists a conditional right to counsel at revocation hearings. *Scarpelli,* 411 U.S. at 785. While the probationer's liberty is conditional subject to the terms of probation, *see State v. Evans,* 77 Wis. 2d 225, 230, 252 N.W.2d 664, 666 (1977), the termination of that liberty inflicts a "grievous loss" on the probationer. *Morrissey,* 408 U.S. at 482. Because a probationer is exposed to the possibilities of a "grievous loss" at a revocation hearing, procedural protections are due. *Id.* at 481.

At a probation extension hearing, the potential loss faced by a probationer is markedly less than that considered by the Court in *Scarpelli.* There are three

possible outcomes of a probation extension hearing. First, the term of probation may be terminated. Second, the term and conditions of probation may be extended. Third, the court may find reason to believe that the conditions of probation have been violated and will refer the matter to probation authorities for revocation proceedings. This possibility, referral for revocation, leads to a completely separate set of proceedings in which the probationer will receive the benefit of the full panoply of procedural safeguards available under *Scarpelli.*

■

While we recognize that the extension of probation entails the continuance of restrictions on the liberty of probationers, we conclude that an extension of probation is not a "grievous loss" as is revocation and subsequent incarceration. *Skipworth v. United States,* 508 F.2d 598, 601 (3d Cir. 1975). Thus, the substantial loss a probationer faces in an extension hearing lies not in the continued restrictions on liberty but in the possibility of future revocation. *Id.* While such a loss is no doubt serious, it is only a potential at the time of extension, and the due process clause clearly provides safeguards in the event of its occurrence. *Id.* at 601–02.

Extension proceedings recognize that there is a continuing need to further the goals of probation through extended probation. Unlike revocation proceedings in which the benevolent attitude of the state and probation officer may change, *see Scarpelli,* 411 U.S. at 785, both the state and the probationer have an interest in seeing that the rehabilitative goals of probation are not unnecessarily interrupted, resulting in the termination of an otherwise successful but

incomplete effort at rehabilitation. *Cf. Scarpelli* at 785.

The inquiry at an extension hearing, unlike revocation proceedings, is generally factual in nature: has the probationer complied with the terms of probation; has he paid restitution; and what is his status and ability to pay continued restitution. *See, e.g., Huggett v. State,* 83 Wis. 2d 790, 226 N.W.2d 403 (1978). Presentation of this evidence is not so complex or otherwise difficult to develop that counsel is required. *Cf. Scarpelli,* 411 U.S. at 790.

Here, Hardwick was provided with advance notice and a hearing on the extension of his probation. The issues presented at the hearing were simple, focusing on Hardwick's failure to pay restitution. Hardwick could have easily explained any reason for his failure to pay restitution. We fail to see any due process violations in this procedure.[3]

Hardwick next contends that his sentence should be vacated because the trial court had not made the determination of "good cause" necessary to extend the underlying term of probation, relying on *Huggett v. State,* 83 Wis. 2d 790, 266 N.W.2d 403 (1978).[4]

However, the record indicates that prior to the extension hearing, Hardwick and his probation agent

---

[3]We note that nothing in our decision precludes a probationer from securing counsel or precludes the trial court in the exercise of its discretion from appointing counsel.

[4]Hardwick's probation was extended under sec. 973.09(3), Stats. (1977), which requires a showing of cause for extension. Section 973.09(3) has since been modified to place the burden on the probationer to show substantial reason for not extending. The modified statute, however, is only applicable to offenses committed after July 1, 1980. Secs. 4 and 5, ch. 238, Laws of 1979. Hardwick's offense took place in September of 1979.

had reached an agreement concerning the extension of probation and continuation of restitution. The trial court could thus reasonably infer that Hardwick and his probation agent had discussed the extension of probation and were jointly recommending it. Hardwick also admitted his capability and willingness to pay.[5]

After agreeing that an extension of his probation was the desired course of action, Hardwick now challenges the basis of that extension. Hardwick's inconsistent position presents a classic case of judicial estoppel. *See In re H.N.T.,* 125 Wis. 2d 242, 253, 371 N.W.2d 395, 400–01 (Ct. App. 1985); *State v. Michels,* 141 Wis. 2d 81, 97–98, 414 N.W.2d 311, 317 (Ct. App. 1987).

*By the Court.*—Order affirmed.

---

[5]Hardwick argues that his agreement to extension was made out of a fear of going to prison due to the trial court's comments that he should pay or go to jail. However, the record shows that Hardwick and his probation agent reached an agreement concerning the extension of probation prior to the hearing. The court's comments can thus be viewed as impressing the seriousness of restitution upon Hardwick.