159 Wis.2d 206 (1990)
464 N.W.2d 41
STATE of Wisconsin, Plaintiff-Respondent,
v.
M.S., Defendant-Appellant.[]
No. 90-0923.
Court of Appeals of Wisconsin.
Submitted on briefs September 28, 1990.
Decided November 14, 1990.
*208 On behalf of the defendant-appellant, the cause was submitted on the briefs of Michael J. Fairchild, Menomonie.
On behalf of the plaintiff-respondent, the cause was submitted on the brief of Kristine Cusick, assistant district attorney, Menomonie.
Before Cane, P.J., LaRocque and Myse, JJ.[1]
MYSE, J.
M.S. appeals an order recommitting him to the Mendota Mental Health Institute following a determination that he had violated the conditions of his release and that he would pose a risk to society if released. M.S. contends that the trial court erred by refusing to grant him a jury trial at the recommitment hearing. Because we conclude that M.S. was not entitled to a jury trial on the petition for recommitment, the order is affirmed.
M.S. had previously been found not guilty by reason of insanity for arson and several other charges and committed to the Department of Health and Social Services at Mendota. M.S. subsequently petitioned for reexamination. The jury determined that M.S. could be released upon conditions set by the court. The court set various conditions and ordered M.S.'s release.
One month following his release, M.S. was arrested for operating a motor vehicle while under the influence of an intoxicant and fleeing an officer. The state then *209 petitioned the court to revoke M.S.'s conditional release and recommit M.S. to Mendota. The trial court denied M.S.'s request for a jury trial and proceeded to hear the petition for recommitment. The court ordered M.S.'s recommitment after concluding that M.S. had violated the conditions of his release and that the safety of others required revocation.
M.S. argues that state law requires a jury trial on a petition for recommitment. M.S. contends that because State ex rel. Gebarski v. Circuit Court, 80 Wis. 2d 489, 259 N.W.2d 531 (1977), established one's right to a jury trial in reexamination proceedings under sec. 971.17(2),[2] Stats., the right to a jury trial also exists in sec. 971.17(3)[3] recommitment proceedings. We do not agree.
*210 [1-3]
This issue raises a question of statutory interpretation that we review de novo. Town of Sheboygan v. City of Sheboygan, 150 Wis. 2d 210, 212, 441 N.W.2d 752, 753 (Ct. App. 1989). In construing a statute, the primary source is the language of the statute itself. Id. Where statutory language is unambiguous, we are guided by the plain meaning of the statute. In re F.E.W., 143 Wis. 2d 856, 860, 422 N.W.2d 893, 895 (Ct. App. 1988).
In Gebarski, the court held that "[s]ec. 971.17(2), Stats., by incorporating by reference sec. 51.20(17)(g) and sec. 51.20(12), provides for a right to a trial by jury."[4]Gebarski, 80 Wis. 2d at 502, 259 N.W.2d at 537. Recommitment hearings were not the subject of the court's decision in Gebarski, nor were the interpreted statutes applicable to recommitment proceedings. Therefore, Gebarski does not support M.S.'s argument.
[4]
Section 917.17(3), Stats., provides "[i]f . . . the court determines after a hearing that the conditions of release have not been fulfilled and that the safety of the person or the safety of others requires that his or her conditional release be revoked, the court shall immediately order the person recommitted to the department . . . ." Thus, by the clear and unambiguous language of the statute, the court decides petitions for recommitment. Unlike sec. 971.17(2), Stats., no provision is made for a jury trial.
*211 M.S. also claims that his constitutional right to due process requires that the recommitment proceedings be conducted before a jury. M.S. argues that State v. Mahone, 127 Wis. 2d 364, 379 N.W.2d 878 (Ct. App. 1985), established due process standards for recommitment hearings. M.S. contends that Mahone implicitly mandated the right to a jury trial in recommitment proceedings by endorsing the rationale of Gebarski. This argument fails for two reasons. First, the court in Mahone only relied on Gebarski to the extent Gebarski focused the inquiry at post-commitment hearings on the concept of dangerousness. Second, the court specifically declined to consider whether due process required a jury trial in recommitment proceedings. Mahone, 127 Wis. 2d at 372 n.3, 379 N.W.2d at 883 n.3.
In Mahone, the court listed the following minimum requirements of due process in recommitment proceedings:
(1) an initial hearing to justify detention pending a final commitment hearing; (2) written notice of the claimed violation; (3) disclosure of the evidence against the subject; (4) an opportunity to be heard in person and to present witnesses and documentary evidence; (5) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (6) a neutral and detached hearing body, and (7) a written statement by the fact-finder(s) as to the evidence relied upon and reasons for revocation of the conditional discharge.
Id. at 370, 379 N.W.2d at 882 (citing Morrisey v. Brewer, 408 U.S. 471, 485-89 (1972)). We believe these requirements satisfy due process.
*212 [5]
Due process is a flexible concept, requiring "such protections as the particular situation demands." State v. Hardwick, 144 Wis. 2d 54, 58, 422 N.W.2d 922, 924 (Ct. App. 1988) (citing Morrisey, 408 U.S. at 481). Consideration of what process is due involves balancing three factors: "1) the private interest affected by the official action, 2) the risk of erroneous deprivation of the interest through the procedures used and the probable value of additional or substitute procedural safeguards, and 3) the government's interest." In re W.J.C., 124 Wis. 2d 238, 240, 369 N.W.2d 162, 163-64 (Ct. App. 1985) (citing Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).
[6]
Clearly, M.S. has a great interest in this action. His liberty is at stake. However, the government has a substantial interest in protecting the public from dangerous individuals. The government also has an interest in minimizing costs and avoiding delays in commitment proceedings. The question thus centers around the adequacy of the present procedures and the value of substitute or additional procedures. The present procedures give the subject full disclosure of the claimed violation and evidence against him. The subject has the opportunity to fully present his case and to confront and cross-examine adverse witnesses. Finally, the subject is entitled to a neutral hearing body that must state, in writing, the evidence relied upon and reasons for revocation. We note that, consistent with the court setting conditions of release, the court determines when the subject has violated those conditions. To the extent it may be preferable for a jury to enter its lay judgment on the question of subject's potential for doing harm, see Humphrey v. Cady, 405 U.S. 504, 509 (1972), M.S. is entitled to reexamination *213 by a jury every 120 days. This court believes that these procedures sufficiently protect M.S.'s due process rights.[5]
M.S. also argues that granting persons subject to proceedings under secs. 971.17(2), 51.20(16) and 975.15, Stats., the right to a jury trial, but withholding that right from individuals subject to recommitment proceedings, is a violation of equal protection. We disagree.
[7, 8]
The equal protection clause only prohibits irrational and arbitrary classifications. State v. Field, 118 Wis. 2d 269, 282, 347 N.W.2d 365, 371-72 (1984). Each statutory section cited by M.S. involves reexamination proceedings. Reexamination proceedings, unlike recommitment proceedings, do not concern the issue of whether the subject has violated conditions of release. As noted, the legislature rationally provided for a court determination of whether the subject violated court-imposed conditions of release. Thus, the classification is neither irrational nor arbitrary.
[9]
Finally, M.S. argues that without benefit of a jury, a court could recommit a defendant based only on a technical violation of his conditions of release. This argument misconstrues sec. 971.17(3), Stats., which clearly *214 requires the court to additionally determine that the safety of the defendant or others requires revocation of release before the court recommits the defendant.
By the Court.Order affirmed.
NOTES
[] Petition to review denied.
[1] Upon the Chief Judge's order, this opinion is issued as a three-judge opinion pursuant to sec. 809.41(3), Stats.
[2] This subsection provides:

(2) A reexamination of a defendant's mental condition may be had as provided in s. 51.20(16), except that the reexamination shall be before the committing court and notice shall be given to the district attorney. The application may be made by the defendant or the department. Upon consent of all parties and approval by the court for good cause shown, testimony may be received into the record of a hearing under this subsection by telephone or live audio-visual means. If the court is satisfied that the defendant may be safely discharged or released without danger to himself or herself or to others, it shall order the discharge of the defendant or order his or her release on such conditions as the court determines to be necessary. If it is not so satisfied, it shall recommit him or her to the custody of the department. Before a person is conditionally released by the court under this subsection, the court shall so notify the municipal police department and county sheriff for the area where the person will be residing. The notification requirement does not apply if a municipal department or county sheriff submits to the court a written statement waiving the right to be notified.
[3] This subsection provides:

(3) If, within the maximum period for which a person could have been imprisoned if convicted of the offense charged, subject to s. 53.11 and the credit provisions of s. 973.155, the court determines after a hearing that the conditions of release have not been fulfilled and that the safety of the person or the safety of others requires that his or her conditional release be revoked, the court shall immediately order the person recommitted to the department, subject to discharge or release only in accordance with sub. (2).
[4] These sections have subsequently been renumbered such that sec. 971.17(2) now incorporates by reference sec. 51.20(16). Sec. 51.20(16)(g) in turn incorporates sec. 51.20(11), which provides for a jury determination.
[5] The legislature recently repealed and recreated sec. 971.17, Stats. 1989 Wis. Act 334. The recreated statute "governs the commitment, release and discharge of persons adjudicated not guilty by reason of mental disease or mental defect for offenses committed on or after January 1, 1991. The commitment, release and discharge of persons adjudicated not guilty by reason of mental disease or mental defect for offenses committed prior to January 1, 1991, shall be governed by s. 971.17, 1987 stats., as affected by 1989 Wisconsin Act 31." Our analysis is limited strictly to the statute applicable to the present case.