STATE of Wisconsin, Plaintiff-Respondent,

v.

Wendy J. HAYS, Defendant-Appellant.†

Court of Appeals

*No. 92-1647-CR. Submitted on briefs November 24, 1992.—Decided December 23, 1992.*

(Also reported in — N.W.2d —.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William J. Tyroler,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Sally L. Wellman,* assistant attorney general.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

ANDERSON, J.   Wendy J. Hays appeals from an order modifying her probation by adding a condition of nine months confinement in the county jail. Hays contends that the hearing on the request to modify her probation was chaotic, violated minimal due process protections invoked when a party faces the grievous loss of liberty, and lacked the formality required by statute. We hold that a hearing on a request to modify the conditions of probation is not a criminal proceeding and that a probationer is entitled to flexible due process protections depending upon the recommendations made to modify the conditions of probation. Therefore, we affirm the order of the trial court because Hays did have the benefit of minimal due process protections at the hearing.

On August 27, 1990, Hays was convicted of the fraudulent use of a credit card in violation of sec. 943.41(5)(a)1 and (8)(c), Stats. The trial court witheld sentence and placed Hays on probation for three years. Among the conditions of probation were that she was to

441

pay restitution and cooperate with any and all programs arranged and approved by her probation agent.

Hays' adjustment to probation supervision was less than stellar; on July 10, 1991, Hays signed amended rules of probation that concerned her minimal compliance with the original rules of probation. In addition, Hays was verbally warned that any additional violations of the rules could result in revocation of her probationary status. Hays continued her noncompliance with the rules of probation and on November 1, 1991 her probation agent sent a memo to the circuit court listing several violations of the rules, requesting that the court review Hays' adjustment to supervision, and recommending that the court impose six months confinement in the county jail as a condition of probation.[1]

Prior to the hearing on the request of the probation agent, Hays' defense counsel filed a motion to dismiss the probation review and to strike the memo. In the motion Hays contended that the memo was not the correct method of invoking the jurisdiction of the court. She argued that sec. 971.30(1), Stats., labels a request for a court order as a motion, and that the memo did not meet the statutory formalities for preparation, filing and service. After hearing oral argument from Hays' counsel, the trial court adjourned the hearing to February 28, 1992 to permit the district attorney to file a responsive brief.

Before the adjourned hearing, Hays' probation agent filed an addendum to the original memo listing

---

[1] Hays was also serving a concurrent three-year term of probation on a conviction from Ozaukee county for fraudulent use of a credit card in violation of sec. 943.41(5)(a)1 and (8)(c), Stats. The record is silent as to whether the sentencing circuit judge in Ozaukee county was informed of Hays' poor adjustment to supervision.

additional rule violations and requesting nine months confinement in the county jail as a condition of probation. Defense counsel objected to conducting the hearing on February 28 because he had just been given a copy of the addendum. Defense counsel and the district attorney then offered argument on the pending motion. The trial court denied the motion and granted a one-week continuance of the hearing.

The hearing on the request to modify the conditions of Hays' probation was finally held on March 11, 1992. At the hearing, the district attorney chose to rely upon the two memos to support the recommendation of the probation agent. Hays' counsel extensively cross-examined the probation agent and Hays testified in her own behalf. After a discussion with the probation agent's supervisor, the trial court made comprehensive findings that Hays had violated the rules of probation. The court modified Hays' probation to include nine months confinement in the county jail; the first six months were without work release or child care release.

In this appeal, Hays does not challenge the sufficiency of the findings made by the trial court, nor does she challenge the new condition of probation as being too harsh and severe. Rather, her attack centers on the procedure employed to obtain a court review and the lack of any formal procedures during the hearing. Hays contends that the department's memo was an improper method to secure court review. She argues that a request to modify the conditions of probation is a request for a court order that must be in the form of a motion signed by an attorney. She also argues that the rules of evidence should have applied to the hearing and that the burden of proof was improperly placed on her.

Hays' challenges are on constitutional grounds. She reasons that the request for jail time as a condition of

probation permits a comparison of these proceedings with probation or parole revocation proceedings. She reasons that in such proceedings a party is entitled to minimal due process rights because the threat of incarceration represents a substantial loss of liberty; therefore, she should be entitled to the same protections in a probation modification hearing as a result of the request for county jail time. Finally, she asserts that the informality of the proceeding and the shifting of the burden of proof to her violated her minimum due process rights.

Hays' arguments raise constitutional fact questions concerning what, if any, due process rights attach to probation modification hearings. Her arguments also present statutory fact questions involving what rules of civil or criminal procedure and rules of evidence should apply to probation modification hearings. We decide these issues independently as questions of law. *See State v. Woods,* 144 Wis. 2d 710, 714, 424 N.W.2d 730, 731 (Ct. App. 1988).

We begin by noting that probation is *not* a sentence and that the imposition of incarceration as a condition of probation is likewise *not* a sentence. *Prue v. State,* 63 Wis. 2d 109, 114, 216 N.W.2d 43, 45 (1974). A trial court's authority to impose conditions on a term of probation is derived from the statute. *See State v. Sepulveda,* 119 Wis. 2d 546, 554, 350 N.W.2d 96, 101 (1984). Section 973.09(1)(a), Stats., is the source of the authority for the court to place an individual on probation and to impose reasonable and appropriate conditions of probation.

> **973.09 Probation. (1)**(a) . . . [I]f a person is convicted of a crime, the court, by order, may withhold

sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. The court may impose any conditions which appear to be reasonable and appropriate.

And, sec. 973.09(3)(a), Stats., provides the authority for a court to modify the conditions of probation:

Prior to the expiration of any probation period, the court, for cause and by order, may extend probation for a stated period or modify the terms and conditions thereof.

The theory of probation envisions that an individual convicted of a crime who is responsive to supervision and guidance may be rehabilitated without placing him or her in prison. *State v. Evans,* 77 Wis. 2d 225, 231, 252 N.W.2d 664, 666 (1977). To achieve this theory a trial court is permitted to impose conditions of probation that are designed to rehabilitate the probationer and protect society. *See* sec. 973.09(1)(a), Stats. Inherent in the probation statute is a *continuing power* in the trial court to accomplish the theory of probation through the court's authority to modify the terms of probation. *See Sepulveda,* 119 Wis. 2d at 554, 350 N.W.2d at 101.

This appeal presents the issue of what due process protections and statutory procedures apply when the trial court uses its continuing power to modify the terms and conditions of probation. We have previously discussed probation extension hearings. We concluded that extension hearings were neither criminal proceedings nor a critical stage of criminal proceedings. *State v. Hardwick,* 144 Wis. 2d 54, 57, 422 N.W.2d 922, 923 (Ct. App. 1988). This same reasoning leads to the conclusion

that a hearing to modify conditions of probation is not a criminal proceeding.

Hearings to modify the conditions of probation are far from punitive. Such hearings recognize that there is a continuing need to strengthen the goals of probation through new or revised terms or conditions of probation. Unlike revocation proceedings in which the benevolent attitude of the state and probation officer may change, both the state and the probationer have an interest in seeing that the rehabilitative goals of probation are reinforced rather than terminated so that a term of probation can achieve the dual goals of rehabilitating the probationer and protecting the public interest. *Id.* at 59, 422 N.W.2d at 924 (citation omitted).

Having concluded that a hearing to modify the conditions of probation is not a criminal proceeding, we now turn to what, if any, due process protections should be afforded a probationer, and whether the rules of civil and criminal procedure and rules of evidence will control the hearing. Not all hearings require the same kind of procedural safeguards. It is manifest that due process is flexible and requires only those procedural protections that the particular hearing demands. *See id.* at 58, 422 N.W.2d at 924.

■

In recognition of the flexibility of due process, courts have extended due process rights to the probationer at revocation hearings, *State v. Gerard,* 57 Wis. 2d 611, 617, 205 N.W.2d 374, 377–78 (1973); *State v. Pope,* 107 Wis. 2d 726, 730, 321 N.W.2d 359, 361 (Ct. App. 1982), and at probation extension hearings. *See Hardwick,* 144 Wis. 2d at 57, 422 N.W.2d at 923.

■

From these cases we derive the following due process rights for a probationer at a hearing to modify the

terms and conditions of probation: (1) to be notified of the hearing and the reasons that are asserted in support of the request to modify probation;[2] (2) to be present at the hearing; (3) to be given the chance to cross-examine witnesses, present witnesses, present other evidence and the right of allocution; (4) to have the conditions of probation modified on the basis of true and correct information; and (5) to be represented by counsel if confinement to the county jail is a potential modification of the conditions of probation.[3]

The hearing need not be a formal, trial-type hearing. There are public policy considerations why a trial court should have great latitude in dealing with a probationer and developing terms and conditions of probation

---

[2] It is not the form of the notice that is important—it is the substance that matters. The document must give the probationer fair notice of when and where the hearing will be conducted and fair warning of the recommended modifications to the conditions of probation and the reasons supporting the recommendations.

[3] It is generally accepted that the potential for loss of liberty triggers a conditional right to counsel. *See State v. Hardwick,* 144 Wis. 2d 54, 58, 422 N.W.2d 922, 924 (Ct. App. 1988). Although a condition of confinement to the county jail is not a sentence, *Prue v. State,* 63 Wis. 2d 109, 114, 216 N.W.2d 43, 45 (1974), it is still a loss of liberty. Where there is a potential that the trial court will conclude that confinement is necessary to further the dual purposes of probation, the probationer has a right to counsel. However, when there is no potential that the probationer will face the loss of liberty but only will face modified terms and conditions to facilitate rehabilitation, the right to counsel is not present. *See Hardwick,* 144 Wis. 2d at 57, 422 N.W.2d at 923. Of course, even when the probationer is not facing a grievous loss of liberty, nothing precludes the trial court from exercising its discretion and appointing counsel, nor is the probationer prohibited from appearing with counsel.

447

designed to rehabilitate the probationer and protect the public's interest. *See Prue,* 63 Wis. 2d at 114, 216 N.W.2d at 45. Adherence to the strict formalities of a code of procedure or the rules of evidence would only thwart the trial court in devising or modifying terms and conditions of probation individualized for the probationer. Due process does not require that the rules of evidence apply to the hearing.[4] *Pope,* 107 Wis. 2d at 730, 321 N.W.2d at 361. Section 973.09(3)(a), Stats., permits the court to modify the conditions of probation *for cause.* This requires that the proponent of the modification has the burden to show cause why the conditions should be modified. *See Gerard,* 57 Wis. 2d at 625, 205 N.W.2d at 382. This is not a criminal proceeding. Therefore, the burden is on the proponent to establish by a clear preponderance of the evidence that there is cause to modify the terms and conditions of probation.

In this case, Hays was given advance notice of her agent's recommendation to modify the conditions of Hays' probation to include confinement in the county jail. At the hearing Hays was represented by counsel who extensively cross-examined the probation agent.[5] Hays

---

[4] Hays argues that because hearings on modification of conditions of probation are not specifically mentioned as being exempt from the rules of evidence in sec. 911.01(4)(c), Stats., the rules of evidence are applicable. However, sec. 911.01(4)(c) exempts proceedings granting probation, and because there is no difference between a hearing granting probation and a hearing modifying probation, the rules of evidence are not applicable.

[5] Hays contends that it was improper for the state to rely upon the memo from the probation agent rather than present testimony and other evidence in support of the recommendation for confinement to the county jail. Hays also complains that the trial court erred in engaging in a colloquy with her agent's super-

448

testified on her own behalf and her counsel was allowed to argue the case against confinement to the trial court. At the conclusion of the hearing the trial court engaged in a process of reasoning using the facts that were of record and the reasonable inferences that could be derived from those facts and, in its discretion, entered an order modifying the conditions of Hays' probation to include confinement in the county jail. *See Sepulveda,* 119 Wis. 2d at 561, 350 N.W.2d at 104. We fail to see any due process violations in this procedure, or a need to require formalistic adherence to a code of procedure or the rules of evidence.

*By the Court.*—Order affirmed.

---

visor without swearing in the supervisor. A hearing to modify the conditions of probation is not a trial in the traditional sense. The issue is not a determination of the probationer's guilt or innocence but rather whether the terms and conditions of probation should be modified to bolster the dual purposes of probation. The probationer is entitled to a due process-type hearing, but there is no need to comply with all of the formal rules of evidence and procedure. The trial judge, in the exercise of his [or her] discretion, can accept or reject the information offered as reliable or unreliable in making a proper determination. *State v. Gerard,* 57 Wis. 2d 611, 618, 205 N.W.2d 374, 378 (1973).