No. 85,696

STATE OF KANSAS, *Appellee*, v. ROBERT E. MCDONALD, *Appellant*.

(32 P.3d 1167)

Opinion filed
October 19, 2001.

*Shawn Minihan*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Ian H. Taylor*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This appeal contends constitutional due process rights were violated when Robert E. McDonald's term of probation was extended in proceedings where he was not afforded representation by an attorney.

The facts are undisputed. McDonald pled guilty to burglary and theft and was sentenced to an underlying prison term of 27 months, with probation granted for 24 months. He was also ordered to pay restitution of $4,087.24 and costs of $554.50.

A journal entry entered prior to the expiration of the 24-month probation period extended the term for an additional year or "until the defendant has paid all costs and restitution in full." A subsequent order likewise extended the term for an additional 1 year. Both orders showed the presence and consent of McDonald.

During the term of the second extension, McDonald appeared in person and by counsel at a parole revocation hearing conducted pursuant to K.S.A. 22-3716. Competent evidence, not challenged in this appeal, showed McDonald had violated the terms of his probation. The court so found and ordered the underlying prison sentence of 27 months to be served.

McDonald's notice of appeal stated that he appealed "the revocation hearing and all adverse rulings of the District Court."

McDonald failed to appeal either of the orders extending the term of his probation (and the time for such an appeal has long since expired, K.S.A. 22-3608). He now argues that both of those proceedings and the orders entered were lacking in jurisdiction because his due process rights were violated by his lack of counsel.

Although McDonald's argument that he must be provided an attorney in any proceeding where the term of his probation is extended can be answered, the more difficult question is whether we have jurisdiction to consider what is in effect an attempt to collaterally attack two unappealed from orders. See *State v. Delacruz*, 258 Kan. 129, 137-39, 899 P.2d 1042 (1995) (collateral attack prohibited in part but allowed in part where the precise issue now appealed was not presented to the trial court); *State v. Gardner*, 264 Kan. 95, 106, 955 P.2d 1199 (1998) (collateral attack prohibited where the notice of appeal did not identify the rulings appealed from as being from prior proceedings, separate from the revocation hearing); *State v. Woodling*, 264 Kan. 684, Syl. ¶ 2, 957 P.2d 398 (1998) (collateral attack prohibited where we said: "An appellate court obtains jurisdiction over the rulings identified in the notice of appeal. Grounds for jurisdiction not identified in a notice of appeal may not be considered by the court.").

We always have the obligation to question jurisdiction on our own motion, *McDonald v. Hannigan*, 262 Kan. 156, Syl. ¶ 1, 936 P.2d 262 (1997), and if the record discloses a lack of jurisdiction, the appeal must be dismissed.

McDonald attempts to legitimize his appeal by quoting the beginning sentence of K.S.A. 22-3504(1): "The court may correct an illegal sentence at any time." As we stated in *State v. Johnson*, 269 Kan. 594, Syl. ¶ 3, 7 P.3d 294 (2000): "K.S.A. 22-3504(1) is a statute of limited applicability and may not be used as a vehicle to breathe new life into appellate issues previously abandoned or adversely determined." There is nothing illegal about the sentence in this case and the only question is whether the term of probation had expired which would prohibit the revocation of probation or whether it was properly and lawfully extended by the orders to which McDonald consented.

One way for McDonald to have raised this issue would have been under a K.S.A. 60-1507 proceeding questioning the trial court's jurisdiction under subparagraph (a). However, we are well aware of the language of 60-1507(e) that "an application . . . shall not be entertained if it appears that the applicant has failed to apply

for relief by motion, to the court which sentenced said applicant . . . ."

For the reasons stated above, the dismissal of this appeal might be proper. However, *if* McDonald is correct in his contention that he had the right to counsel when the term of his probation was extended, and he was not so advised or offered counsel, then he would be unlawfully incarcerated at this time. This would then raise a Sixth Amendment right to counsel argument which both the United States Supreme Court and our Kansas Supreme Court have viewed with more favor and a different approach.

We will not here attempt to restate an analysis of *United States v. Tucker*, 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589 (1972), *Burgett v. Texas*, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), and *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792 (1963), which have held the Sixth Amendment to the United States Constitution requires that an indigent defendant in state court proceedings have counsel appointed for him or her. These cases, as well as *Custis v. United States*, 511 U.S. 485, 128 L. Ed. 2d 517, 114 S. Ct. 1732 (1994), were cited by our opinion in *Delacruz*, which considered a collateral attack on an uncounseled conviction used for sentence enhancement. While our appeal is not of an enhancement of sentence, *Delacruz*, 258 Kan. at 139, is instructive:

"The defendant . . . contends that he was not informed of his rights regarding his guilty pleas and his pleas were not knowingly and intelligently made. Under *Custis*, the defendant's prior misdemeanor convictions, with the single exception of the battery misdemeanor conviction resulting in jail time, would not be subject to collateral attack. As the United States Supreme Court indicated in *Custis*, allowing a collateral attack on prior convictions on the basis of inadequate plea colloquies would force the sentencing court to look behind every conviction with practically no record to rely on. *On the other hand, the defendant's conviction which resulted in jail time was apparently uncounseled and constitutionally invalid under both* Scott *and* Gideon. *Thus, the record raises a* Gideon *constitutional denial of counsel issue and is, therefore, subject to collateral attack.*" (Emphasis added.)

Because McDonald contends he would not be incarcerated if he would have been provided counsel when the term of his probation

was extended, we are obligated to consider this question of law. As stated in *Custis*, 511 U.S. at 494-95:

"There is thus a historical basis in our jurisprudence of collateral attacks for treating the right to have counsel appointed as unique, perhaps because of our oft-stated view that '[t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.' *Powell v. Alabama*, 287 U.S. 45, 68-89[, 77 L. Ed. 2d 158, 53 S. Ct. 55] (1932)."

Our result is in accord with our most recent decision in this area, *State v. Chiles*, 260 Kan. 75, Syl., 917 P.2d 866 (1996), in which we held: "A defendant does not have a constitutional right to collaterally attack a prior conviction used to enhance a current sentence unless the prior conviction was obtained in violation of the right to counsel. This principle bears extra weight in cases in which the prior conviction is based on a guilty plea." Justice Abbott's opinion in *Chiles* cites *Delacruz* and *Custis*, as well as other decisions, and our consideration of the issue raised in the instant appeal is not in conflict with the *Chiles* decision and reasoning.

We now consider whether there is either a statutory or constitutional requirement for counsel to be present when a probationer is faced with the choice of voluntarily extending his or her probation or forcing the court to order the extension after a modification hearing and judicial finding of necessity.

The statutory authorization giving jurisdiction to the trial court in this case to extend defendant's probation period for nonpayment of restitution is K.S.A. 21-4611(c)(4) and (5):

"(4) If the defendant is . . . ordered to pay full or partial restitution, the period may be continued as long as the amount of restitution ordered has not been paid.

"(5) The court may modify or extend the offender's period of supervision, pursuant to a modification hearing and a judicial finding of necessity. Such extensions maybe made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term."

Nowhere in the statute authorizing the extension of the probation period is the right to counsel mentioned. However, it is clearly found in K.S.A. 22-3716(b), which relates to revocation of probation. In setting forth the required revocation procedures, 22-3716(b) states: "The defendant shall have the right to be repre-

sented by counsel and shall be informed by the judge that, if the defendant is financially unable to obtain counsel, an attorney will be appointed to represent the defendant."

It is thus apparent there is no statutory right to counsel in Kansas at proceedings to extend the term of probation. Had the legislature determined that counsel should be mandated, it knew how to do so, as the provisions of K.S.A. 22-3716(b) clearly show.

The remaining question then becomes: Is counsel constitutionally required to be present when the term of probation is extended? We answer this question negatively.

We first point out our holding in a recent case involving right to counsel in proceedings where probation is revoked. See *Brown v. Kansas Parole Board*, 262 Kan. 903, 943 P.2d 1240 (1997). We looked in *Brown* to *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973), and found that the Kansas Administrative Regulation which did not permit the appointment of counsel to indigents was insufficient. *Brown*, 262 Kan. at 911-13. However, we held a notice of right to counsel and a lack of request for counsel, coupled with a negative finding by the trial court in a habeas corpus proceeding that the defendant failed to show she was unable to understand that right, met the Sixth Amendment requirements for parole revocation proceedings as set forth in *Gagnon* and *Morrissey*. *Brown*, 262 Kan. at 911-13.

Our facts here are much different than where a probationer faces an immediate loss of a liberty interest and incarceration. There is a considerably lower sense of urgency where the probation is extended in an effort to afford the probationer a greater amount of time in which to pay restitution. Our facts and McDonald's predicament are significantly different from the teachings of *Morrissey*, *Gagnon*, and *Brown*.

Current federal case law on the right to counsel for probation extensions and other modifications is based, not on the Sixth Amendment, but rather the Sentencing Reform Act of 1984, 18 U.S.C. 3551 *et seq.*, and Fed. R. Crim. Proc. 32.1(b), which states: "A hearing and assistance of counsel are required before the terms or conditions of probation . . . can be modified, unless the relief

granted to the [probationer] upon [his] request or the court's own motion is favorable to [him] . . . ." *E.g., U.S. v. Stocks*, 104 F.3d 308 (9th Cir. 1997); *United States v. Chambliss*, 766 F.2d 1520 (11th Cir. 1985); *United States v. Warden*, 705 F.2d 189 (7th Cir. 1982). Kansas has no such statutory provision.

However, prior to the enactment of the Sentencing Reform Act of 1984, federal case law unanimously agreed in light of *Morrissey* and *Gagnon* that a probation revocation hearing was not required when extending probation. *U.S. v. Silver*, 83 F.3d 289 (9th Cir. 1996) (arising from a crime committed prior to the effective date of the 1984 sentencing act); *Forgues v. United States*, 636 F.2d 1125 (6th Cir. 1980); *United States v. Cornwell*, 625 F.2d 686 (5th Cir.), *cert. denied* 449 U.S. 1066 (1980); *United States v. Carey*, 565 F.2d 545 (8th Cir. 1977), *cert. denied* 435 U.S. 953 (1978); *Skipworth v. United States*, 508 F.2d 598 (3rd Cir. 1975).

In each case, an ex parte order extending the defendant's probation was found not to offend constitutional due process. While the opinions generally recognize that an extension of probation does result in deprivation of a limited liberty interest, they state that it is not equivalent to the "grievous loss" of liberty anticipated by the Supreme Court during probation revocation proceedings. *Silver*, 83 F.3d at 292; *Forgues*, 636 F.2d at 1127; *Cornwell*, 625 F.2d at 688; *Carey*, 565 F.2d at 547; *Skipworth*, 508 F.2d at 601. The courts agreed that an extension of probation merely prolongs the period of probation, and prior to probation being revoked the procedures required by *Morrissey* and *Gagnon* must certainly be afforded. Several of the courts also noted that the factual finding required to extend probation was of a much lesser degree than that needed to revoke probation.

Several state courts have followed the logic of *Skipworth* and its progeny in refusing to recognize a due process right to a hearing for probation extension or modification. *State v. Smith*, 255 Conn. 830, 838-39, 769 A.2d 698 (2001); *State v. Hardwick*, 144 Wis.2d 54, 59, 422 N.W. 2d 922 (Wis. App. 1988); *State v. Campbell*, 95 Wash. 2d 954, 958, 632 P.2d 517 (1981); *Ockel v. Riley*, 541 S.W.2d 535, 543 (Mo. 1976); *cf. Edwards v. State*, 216 Ga. App. 740, 741, 456 S.E.2d 213 (1995) (ex parte modification permitted by statute

and upheld by court); *People v. Britt*, 202 Mich. App. 714, 716-17, 509 N.W.2d 914 (1993) (found ex parte modification not violative of due process); *State v. Zeiszler*, 19 Ohio App. 3d 138, 139-40, 483 N.E.2d 493 (1984) (probation extension upheld under *Morrissey* and *Gagnon* but no other federal decisions were considered); *Sanchez v. State*, 603 S.W.2d 869, 870 (Tex. Crim. 1980) (ex parte modification did not violate due process where defendant was made aware of changes).

A few courts have held that probationers are entitled to a hearing and counsel, but that right appears to be largely based on statute. *State v. Merriweather*, 34 S.W.3d 881, 885 (Tenn. Crim. App. 2000) (statute only permitted an extension as part of a probation revocation hearing and the court accordingly required the full gamut of revocation hearing procedure); *Louk v. Haynes*, 159 W. Va. 482, 492-93, 223 S.E.2d 780 (1976) (modification of probation was found to be a modification of sentence and code necessitated counsel at all sentence modifications); *Cook v. Commonwealth*, 211 Va. 290, 292-93, 176 S.E.2d 815 (1970) (required a hearing and counsel at modification of probation based on implied right in Virginia code).

Our Kansas procedures clearly pass constitutional muster. We have previously set forth the provisions of K.S.A. 21-4611(c)(5), now K.S.A. 2000 Supp. 21-4611(c)(8), that the extension of the offender's period of supervision is based on a "modification hearing and a judicial finding of necessity." A voluntary extension of a probation order was recently approved in *State v. Powers*, 29 Kan. App. 2d 166, 25 P.3d 147 (2001), although the argument there was on the effective date of the extension. While the legislature could have required counsel at proceedings where the term of supervision of probationers is extended, it is not required to do so. Adequate constitutional protection is afforded and McDonald's contentions herein must fail.

McDonald's argument is not persuasive that his equal protection rights were violated because with counsel he could have made an informed decision as to whether he should take an extension of probation or risk revocation. The record does not support that McDonald was faced with revocation as an alternative to his vol-

untary extension. At most, by statute, K.S.A. 2000 Supp. 21-4611(c)(7) and (8), he waived his right to a modification hearing and judicial finding of necessity by voluntarily agreeing to extend his probation. His citation to *State v. Duke,* 10 Kan. App. 2d 392, 699 P.2d 576 (1985), also does not support this contention. *Duke* holds that a trial court may not automatically revoke probation for failure to pay fines and make restitution without considering the reasons for such violation. McDonald's inability to fully pay the ordered restitution was never a factor in his ultimate probation revocation.

We hold a probationer has no constitutional right to counsel when the term of probation is lawfully extended as statutorily allowed.

Affirmed.