**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Dana Ranald HOTLE, Defendant–Appellant.**

No. 06CA1617.

Colorado Court of Appeals, Division V.

Feb. 21, 2008.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

John W. Suthers, Attorney General, John
D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public
Defender, Michael C. Mattis, Deputy State
Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge J. JONES.

Defendant, Dana Ranald Hotle, appeals
the district court's order finding that his
consent to extend probation and waiver of a
hearing were valid. We affirm.

Defendant pleaded guilty to possession of
a controlled substance, and the district court
sentenced him to eighteen months of probation and forty-eight hours of community service. Two months before the expiration of
his probationary period, the probation department prepared a motion to extend defendant's probation for six months. The motion explained that defendant could benefit from
the extension because he had suffered a relapse in his substance abuse treatment; he
still had fifteen hours of community service
left to complete; and he had not yet paid his
fines and costs. Defendant consented to the
extension and waived his right to a hearing
by signing the last paragraph of the motion.
The court granted the extension without a
hearing.

Approximately four months later, the probation department moved to revoke defendant's probation based on new violations of
the terms of his probation. The motion did
not allege that defendant's probation should
be revoked because of violations that precipitated the extension of his probation.

At the revocation hearing, defendant argued that his consent to extend probation
was invalid because he was not advised of his
right to an attorney before signing the consent. The court disagreed and found that (1)
defendant's consent and waiver were voluntary, and (2) he did not have a constitutional
right to counsel or to be advised of a right to
counsel before executing a consent to extend
probation and waiver of his right to a hearing
on that issue. Defendant then admitted the
probation violations, and the court revoked
his probation and resentenced him to eighteen months of intensive supervised probation.

Defendant appeals the court's ruling regarding his right to counsel before consenting to the extension of probation. He contends that he had both a due process and a
Sixth Amendment right to counsel before
signing the consent to extend probation and
waiver of his right to a hearing. He argues
that because he was not aware of that right
and the probation department did not advise
him of it, his consent and waiver were unconstitutionally obtained, and the district court
lost jurisdiction to extend, and subsequently
to revoke his probation. We disagree.

The district court has the authority to
"grant the defendant probation for such period and upon such terms and conditions as it
deems best." § 18–1.3–202(1), C.R.S.2007.
The court may thereafter extend a defendant's probationary term "[f]or good cause

shown and after notice to the defendant, the district attorney, and the probation officer, and after a hearing if the defendant or the district attorney requests it." § 18–1.3–204(4), C.R.S.2007.

Colorado's statutory scheme suggests that where a defendant consents to an extension, the provisions of the statute concerning notice, a hearing, and a showing of good cause are not applicable, and there is no requirement for a hearing or other proceedings to assure that a defendant is making a knowing and voluntary decision. *People v. Conner*, 148 P.3d 235, 238–39 (Colo.App. 2006); *People v. Blackorby*, 41 Colo.App. 251, 252–53, 583 P.2d 949, 951 (1978). Similarly, there is no statutory requirement that a defendant be advised of a right to counsel before signing a consent to extend probation. *See* § 18–1.3–204(4).

Contrary to defendant's argument, an extension or modification of probation is not analogous to a probation revocation proceeding. *See Conner*, 148 P.3d at 239 (contrasting probation revocation proceedings and extensions of probation). Although an extension or modification of probation usually occurs when a defendant has violated a condition of his probation, it occurs prior to the commencement of revocation proceedings and provides a defendant with another opportunity to complete his probation without having it revoked. *See People v. Nichols*, 140 P.3d 198, 201 (Colo.App.2006) (trial court extended the deferred judgment and probation periods in order to give defendant additional time to pay restitution). Thus, a consent to extend probation merely continues a defendant's status on probation, and, should the defendant eventually be faced with revocation proceedings, he would then be entitled to the limited due process requirements attendant to that procedure. *Byrd v. People*, 58 P.3d 50, 56 (Colo.2002).

It follows that due process concerns are less significant in probation extension proceedings than they are in probation revocation proceedings because an extension of probation does not entail as grievous a loss as that at stake in revocation proceedings. *Conner*, 148 P.3d at 239 (citing *Skipworth v.*

*United States*, 508 F.2d 598, 601–02 (3d Cir. 1975)). We therefore conclude that due process does not require that a defendant be advised of, or receive counsel, before requesting an extension of probation and waiving a hearing. *See State v. McDonald*, 272 Kan. 222, 32 P.3d 1167, 1171–72 (2001); *State v. Hardwick*, 144 Wis.2d 54, 422 N.W.2d 922, 923–24 (App.1988).

We further conclude that there is no Sixth Amendment right to counsel, or a corresponding right to be advised of a right to counsel, at this stage in the process because extending probation is not a critical stage in the criminal proceeding.

A critical stage giving rise to a Sixth Amendment right to counsel exists when more than a minimal risk arises that, in the absence of counsel, the defendant's right to a fair trial may be adversely impacted. *Key v. People*, 865 P.2d 822, 825 (Colo.1994). A motion to extend probation is not a critical stage because a defendant (1) is not faced with a consequential significant deprivation of liberty, and (2) is not entitled to a hearing, in the absence of a request for one. *People v. Romero*, 198 P.3d 1209, 1211–12 (Colo.App. 2007); *see also McDonald*, 32 P.3d at 1171–72 (no Sixth Amendment right to counsel on a motion to extend probation); *Hardwick*, 422 N.W.2d at 923–24 (same); *cf. People v. Duke*, 36 P.3d 149, 152 (Colo.App.2001) (if the court does not grant a hearing, the defendant has no right to counsel with respect to resentencing).

Accordingly, the district court did not err in concluding that defendant's consent to extend probation and waiver of a hearing were valid.

The order is affirmed.

Judge ROY and Judge GRAHAM concur.