NOT DESIGNATED FOR PUBLICATION

No. 121,992

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRYL D. HUNTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER ORTH MYERS, judge. Opinion filed June 19, 2020. Appeal dismissed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., GARDNER, J. and WALKER, S.J.

PER CURIAM: Darryl D. Hunter appeals the district court's denial of his motion to correct an illegal sentence. Hunter contends that his written agreement to extend his probation was invalid, so the district court lacked jurisdiction to revoke his probation during his extended probation. But because Hunter is no longer serving the sentence he argues is illegal, we dismiss his appeal.

1

*Factual and Procedural Background*

In 2009, Hunter pleaded guilty to possession of cocaine. The State agreed to a downward departure of six months of incarceration for Hunter's plea. On July 10, 2009, the district court granted Hunter 12 months of probation with an underlying 28-month prison sentence. The 12 months of probation were set to expire on July 10, 2010.

On June 1, 2010, before the expiration of his probation term, Hunter agreed to extend his probation for an additional 12 months. That agreement, filed on June 21, 2010, extended Hunter's probation until July 10, 2011. Although Hunter apparently had retained counsel at that time, his counsel did not participate in the extension process.

On September 20, 2010, the State moved to revoke Hunter's probation based on charges in another case of aggravated battery, aggravated assault, criminal damage, and possession of a firearm. The State also alleged that Hunter had not refrained from using illegal drugs, had not completed 40 hours of community service, and had not paid $237 in court fees. The district court revoked Hunter's probation and imposed his underlying sentence of 28 months on October 29, 2010.

Over eight years later, in March 2019, Hunter filed a motion to correct an illegal sentence. Hunter argued that the district court lacked jurisdiction to revoke his probation because he had been coerced into agreeing to extend his probation. Hunter alleged that because his agreement to extend his probation was invalid and because his original probation should have expired in July 2010, the district court lacked authority to revoke his probation in October 2010. Hunter also argued that the State's attorney violated a Kansas Rule of Professional Conduct by contacting Hunter, instead of Hunter's attorney, about the extension agreement. In response, the State argued that Hunter was not entitled to counsel during the extension proceedings and that Hunter's coercion argument should have been raised, if at all, in 2010 by appealing his probation revocation.

2

The district court summarily denied Hunter's motion to correct an illegal sentence. It found that Hunter's coercion argument was unsupported by the record, as Hunter had signed a waiver in which he agreed he did not have a right to counsel during the extension proceeding.

Hunter then moved to amend and to alter or amend, but the district court denied those motions as well. Hunter timely appeals.

*Did the District Court Err in Summarily Denying Hunter's Motion to Correct an Illegal Sentence?*

Hunter argues that his sentence is illegal because the district court lacked jurisdiction to revoke his probation. This argument is founded on Hunter's underlying claim that he was coerced into agreeing to extend his probation. The State asserts that Hunter's arguments are unpreserved and unpersuasive, citing *State v. McDonald*, 272 Kan. 222, 32 P.3d 1167 (2001), and *State v. Gordon*, 275 Kan. 393, 66 P.3d 903 (2003). The State argues that Hunter cannot attempt to breathe new life into a coercion claim that Hunter should have raised in a direct appeal from his probation revocation.

We agree that Hunter's claim of an illegal sentence is too late. But we base our decision on different grounds.

Hunter challenged the legality of his sentence for the first time more than eight years after his probation was revoked. K.S.A. 2018 Supp. 22-3504(1) provided that "[t]he court may correct an illegal sentence at any time." But the Legislature amended that statute, effective May 23, 2019, to provide that an illegal sentence may be corrected "at any time *while the defendant is serving such sentence*." (Emphasis added.) K.S.A. 2019 Supp. 22-3504(a); L. 2019, ch. 59, § 15. The current statute specifies that "amendments made to this section by this act are procedural in nature and shall be construed and

3

applied retroactively." K.S.A. 2019 Supp. 22-3504(d). And the Kansas Supreme Court has applied the plain language of this statute, finding:  "Under K.S.A. [2019 Supp.] 22-3504, a defendant may move to correct an illegal sentence at any time while the defendant is serving that sentence." *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019). We do the same.

When the district court revoked Hunter's probation in 2010, it imposed his underlying sentence of 28 months in prison. Hunter is no longer serving that sentence. We lack the ability to correct his sentence, even if it were illegal. We thus dismiss this appeal. Cf. *State v. Henderson*, 57 Kan. App. 2d 17, 20, 447 P.3d 986 (2019) (citing legislative amendment but reviewing appellant's claim raised for the first time on appeal because defendant was still serving his sentence).

Appeal dismissed.