NOT DESIGNATED FOR PUBLICATION

No. 122,373

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHEREE L. MAGEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed May 28, 2021. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Jason A. Vigil*, assistant county attorney, *Elizabeth H. Sweeney-Reeder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and CLINE, JJ.

PER CURIAM: After she was convicted of felony theft and false representation using a computer, Sheree L. Magee was placed on probation. While on probation, Magee failed to complete restitution payments. The district court extended Magee's probation an additional two years because of Magee's failure to complete restitution. On appeal, Magee argues that extending her probation violated several of her state and federal constitutional rights because she was unable to afford to pay restitution and is essentially being punished for her lack of wealth. However, she failed to raise these arguments in the district court, and we elect not to consider them for the first time on appeal.

1

Magee pled guilty to one count of felony theft and one count of felony false representation using a computer. In December 2015, the district court granted Magee's request for a dispositional departure and placed Magee on probation for 24 months with an underlying prison term of 29 months. As part of Magee's basis for seeking a dispositional departure, Magee argued that probation would allow her to work and pay the significant amount of restitution owed. The district court judge noted at the sentencing hearing that one of the substantial and compelling reasons to grant a departure was the ability of Magee to pay restitution if she were not incarcerated. The court ordered Magee to pay $66,425 in restitution, an amount that has never been in dispute by the parties. Payment of the restitution was a condition of Magee's probation.

Just three months later, the State filed a motion to revoke Magee's probation for receiving new charges including multiple new theft charges and multiple false writing charges in Johnson County. A warrant was issued for her arrest. She was not brought back before the Miami County court until over a year later. It turns out, she had been incarcerated the entire time on other charges. In October 2017, rather than revoke her probation, the district court extended Magee's probation for an additional 24 months. Magee again argued that probation was necessary so she could get an education and job and show her children and the community that she could be successful. All terms of her new intensive supervision probation related to restitution requirements remained the same.

Roughly two months shy of the end of her extended probation term, the State filed a probation violation report alleging that Magee had not paid her restitution and would be unable to do so before her probation was discharged. The State requested that Magee's probation be extended an additional 24 months. In December 2019, the court held another hearing regarding Magee's nonpayment of restitution.

At the hearing, Magee explained that a collections company oversaw receiving her restitution payments. According to Magee, she had made 13 payments to the collections company since June 2018. While discussing her monthly expenses, Magee explained that she paid for the standard essentials of living, her son's college tuition, and medication for her son.

Magee's counsel argued that if the case was going to remain in collections, Magee should no longer be on probation while making payments. Alternatively, counsel requested that the case be taken out of collections "so the money she's paying is actually going to restitution."

The court granted the State's request to extend Magee's probation an additional 24 months. The court reasoned that Magee's decision to pay for her son's college tuition was "a willful decision not to pay restitution." In other words, the district court found that, based on Magee's own testimony, she had willfully failed to pay restitution by diverting those funds to pay for her son's college education.

Magee timely appeals.

ANALYSIS

Magee does not contest the district court's decision denying her request to move the case out of collections. She does not contest that she violated her probation by willfully failing to pay restitution she agreed to pay as a condition of receiving a dispositional departure. Instead, Magee raises several constitutional arguments for the first time on appeal. First, she argues that the district court violated the Kansas Constitution Bill of Rights by extending her probation solely based on an outstanding debt. Next, she argues that extending her probation based on her indigency was a

violation of the Equal Protection Clause. Finally, she argues that extending her probation impermissibly subjects her to the loss of various rights and privileges.

But before we can reach her arguments, we must examine whether she has properly preserved these issues for appeal. She concedes that she did not raise any of her constitutional concerns with the district court.

Generally, new claims—even constitutional ones—cannot be raised for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). There are three exceptions to the rule: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Parties seeking to raise an issue for the first time on appeal must assert an applicable exception. *Godfrey*, 301 Kan. at 1043; see also Supreme Court Rule 6.02(a)(5) (2021 Kan. Ct. R. 36) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court."). Here Magee argues that we should consider her newly raised constitutional claims because our review is necessary to prevent the denial of a fundamental right and it involves only a question of law. We decline the invitation for two reasons.

First, the only fundamental right Magee identifies as being at issue in this case is the right to be free from imprisonment on the basis of debt. If this case involved imprisoning Magee based on her unpaid restitution that would likely be the end of the analysis and a fundamental right would be involved. But Magee was not imprisoned based on her debt—instead her probation was extended after the court found she was financially able to pay.

The Kansas Supreme Court addressed a comparable issue in *State v. Gordon*, 275 Kan. 393, 410, 66 P.3d 903 (2003), where it held that the district court is not constitutionally required to hold a hearing before extending a person's probation after the person has failed to pay restitution. The court reasoned that while a hearing may be required before revoking an individual's probation, the same interests are not at stake when probation is merely being extended because the extension of probation only involves a potential loss of liberty. 275 Kan. at 410.

A similar result was reached in *State v. McDonald*, 272 Kan. 222, Syl. ¶ 5, 32 P.3d 1167 (2011), where the Kansas Supreme Court held that extending an individual's probation, without appointing counsel, was constitutionally permissible where the probation was being extended because of a failure to make restitution payments. The court noted "[t]here is a considerably lower sense of urgency where the probation is extended in an effort to afford the probationer a greater amount of time in which to pay the restitution." 272 Kan. 222, Syl. ¶ 5.

The same rationale applies here. The district court did not revoke Magee's probation, it merely extended it. There is not a fundamental interest at stake in the current case. See *State v. Dunham*, 58 Kan. App. 2d 519, 527, 472 P.3d 604 (2020) (noting Court of Appeals is duty-bound to follow Supreme Court precedent).

Second, although this case can be resolved on the basis of proved or admitted facts, we are not required to do so. *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020). The decision to review an unpreserved claim under an exception is a prudential one. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). Magee had the opportunity to present her claims to the district court and failed to do so. Moreover, Magee will have a future opportunity to present her claims to the district court if she is in fact incarcerated for failing to pay restitution when she is without the financial means to do so. That is not

the case here. Magee does not challenge the trial court's finding that she willfully failed to pay restitution.

In sum, we decline to address the merits of the only issues Magee raises on appeal because she has failed to preserve her claims, and we elect not to consider them given the facts and posture of this case.

Affirmed.