**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert M. SILVER, Defendant–Appellant.**

**No. 95–50319.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 1996 *.

Decided May 2, 1996.

---

oral argument. Fed. R.App. P. 34(a), Ninth Circuit R. 34–4.

Before: O'SCANNLAIN and TROTT, Circuit Judges, and VAN SICKLE, District Judge **.

VAN SICKLE, District Judge:

 Robert M. Silver appeals the District Court's decision to extend his probationary period for two years without benefit of a formal hearing. The Defendant believes that the Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 212(a)(2), 98 Stat. 1837 (1984), *as amended by* Sentencing Act of 1987, Pub.L. No. 100–182, § 2, 101 Stat. 1266, added the requirement of a hearing to probation extensions which, he contends, should be applied to this case.

I

On December 9, 1991, the Defendant pled guilty to a two-count information charging him with paying an illegal kickback in connection with the procurement of a government contract, 41 U.S.C. §§ 53 and 54, and with subscribing to a false income tax return, 26 U.S.C. § 7206(*l*). In the information, the kickback was alleged to have taken place on September 30, 1987 and the false income tax return was subscribed to on December 11, 1985.

The Defendant was sentenced on June 29, 1992 to a term of three years probation, conditioned upon service of a six-month sentence in a community corrections facility, by the Honorable William J. Rea, United States District Court, Central District of California. On June 13, 1995, the United States Probation Office requested Judge Rea to extend Defendant's probation for two years because of "possible wrongdoing by Mr. Silver in connection with his business practices." The Probation Office was notified of this "possible wrongdoing" by the United States Attorney's Office on June 2, 1995. The Probation Office recommended that the Defendant "be given notice of a hearing and its purpose and of the

Jerry L. Newton, Hermosa Beach, California, for defendant-appellant.

Julien A. Adams, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

** The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, sitting by designation.

alleged violation along with opportunity to present evidence in his own behalf."

On June 19, 1995, the Government asked Judge Rea to extend the probationary period of the Defendant for two years. Defendant was present and represented by counsel. Judge Rea gave the parties a one-week continuance to research the issue of whether the court was required to give the Defendant a hearing. On June 26, 1995, two days before the Defendant's probation was to expire, Judge Rea granted the government's request without giving the Defendant a hearing. Judge Rea stated that the extension of probation was "in the best interest of society."

## II

■ The question of whether a district court properly interpreted a statute and correctly ruled on the defendant's constitutional claims is reviewed de novo by the Court of Appeals. *United States v. Duff,* 831 F.2d 176, 177 (9th Cir.1987); *United States v. McCrae,* 714 F.2d 83. 84 (9th Cir.), *cert. denied,* 464 U.S. 1001, 104 S.Ct. 506, 78 L.Ed.2d 696 (1983). Under the law which existed before the Sentencing Reform Act went into effect, a probation officer, when directed by the court, would report to the court with a statement as to the conduct of the probationer while on probation. 18 U.S.C. § 3653 (repealed October 12, 1984) (effective until October 30, 1987). The court could discharge the probationer from further supervision or extend the probation "as shall seem advisable." 18 U.S.C. § 3653 (repealed October 12, 1984) (effective until October 30, 1987). There was no provision for a hearing.

In the Sentencing Reform Act of 1984, Congress repealed the above section of the United States Code and replaced it with 18 U.S.C. § 3564. The new provision stated that "[t]he court may, after a hearing, extend a term of probation ... at any time prior to the expiration or termination of the term of probation." 18 U.S.C. § 3564 (1985 & Supp. 1995) (effective November 1, 1987). The new section is "applicable only to offenses committed" after the taking effect of the Sentencing Reform Act, November 1, 1987. P.L. 100–182, § 2. *See* 18 U.S.C. § 3564 (notes on Effective Date).

■ We agree with the government that the law that existed prior to the Sentencing Reform Act effective date applies to this case. The new law applies only to offenses committed after November 1, 1987. The Defendant's offenses were committed on December 11, 1985 and September 30, 1987. We note that other circuits have stressed that it is whether the offense occurred before or after November 1, 1987 which controls whether the law changed by the Sentencing Reform Act of 1984, as amended by the Sentencing Act of 1987, applies. *See, e.g., United States v. Sanchez,* 907 F.2d 127, 128 (10th Cir.1990) (warrants for probation revocation); *Gallardo v. Quinlan,* 874 F.2d 186, 188 (3rd Cir.) (minimum date of parole eligibility), *cert. denied,* 493 U.S. 957, 110 S.Ct. 373, 107 L.Ed.2d 359 (1989); *United States v. Burgess,* 858 F.2d 1512, 1513–14 (11th Cir. 1988) (resentencing).

Therefore, the law that was present before the Sentencing Reform Act went into effect, in which the district court judge is not required to hold a hearing on a probation extension, is applicable to this case. Thus, this court must inquire as to the constitutionality of extending probation without a hearing.

## III

■ Whether procedural protections are necessary "depends on the extent to which an individual would be condemned to suffer grievous loss." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). In *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court held that due process requires that an individual on probation be given notice and the right to hearing prior to his parole being revoked. *Id.* at 782, 93 S.Ct. at 1759–60.

The four Courts of Appeals that have decided the issue of whether due process requires notice and a hearing before the extension of probation have all held that a hearing is not necessary under the law in existence before the Sentencing Reform Act became effective. *See Forgues v. United States,* 636 F.2d 1125 (6th Cir.1980); *United States v. Cornwell,* 625 F.2d 686 (5th Cir.), *cert. de-*

*nied,* 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 610 (1980); *United States v. Carey,* 565 F.2d 545 (8th Cir.1977), *cert. denied,* 435 U.S. 953, 98 S.Ct. 1582, 55 L.Ed.2d 803 (1978); *Skipworth v. United States,* 508 F.2d 598 (3rd Cir.1975). These courts believed that the extension of probation is not as "grievous" a "loss" as revocation and did not implicate a liberty interest sufficient to require additional procedural protections. *Cornwell,* 625 F.2d at 688; *Carey,* 565 F.2d at 547; *Skipworth,* 508 F.2d at 601. These courts reasoned that the loss of liberty in an extension proceeding is only a potential one and that the judge in an extension proceeding need not make a detailed factual inquiry into whether the probationer committed a violation, but only must determine what is in the best interest of society. *Carey,* 565 F.2d at 547; *Skipworth,* 508 F.2d at 601–02.

The Ninth Circuit has recognized the decisions of the other circuits as to whether a hearing is required for a probation extension but has not directly ruled on the issue. *See United States v. Merchant,* 760 F.2d 963, 967 (9th Cir.1985), *cert. granted,* 478 U.S. 1003, 106 S.Ct. 3293, 92 L.Ed.2d 708 (1986), *cert. dismissed,* 480 U.S. 615, 107 S.Ct. 1596, 94 L.Ed.2d 614 (1987). We concur with the Third, Fifth, Sixth, and Eighth Circuits and hold that due process does not require the district court to hold a hearing as to an extension of probation for offenses committed before the Sentencing Reform Act went into effect on November 1, 1987. While the probationer who has found his period of probation extended does have some restrictions placed upon him, a "grievous loss" has not occurred and a liberty interest has not been so infringed as to require this court to call for additional protections as per the Due Process Clause. Therefore, the sentence imposed by the district court must be affirmed.

AFFIRMED.