(101 P.3d 1283)
No. 90,896

STATE OF KANSAS, *Appellee*, v. ELSTON H. TAYLOR, JR., *Appellant*.

Opinion filed December 3, 2004.

*Korey A. Kaul*, assistant appellate defender, for appellant.

*Kristi L. Barton*, assistant district attorney, *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., KNUDSON, S.J., and WAHL, S.J.

KNUDSON, S.J.: Elston H. Taylor, Jr., appeals his conviction for aggravated indecent liberties with a child. Two issues are presented: (1) Was the defendant denied effective assistance of trial counsel; and (2) is K.S.A. 21-3504(a)(1) constitutional?

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Taylor argues he was denied his Fifth Amendment to the United States Constitution right of due process and his Sixth Amendment right to counsel because his trial attorney acknowledged guilt in the opening statement to the jury and thereafter allowed Taylor to testify to guilt without offering any defense to the crime. This issue was not presented to the trial court and will not be considered for the first time on appeal. See *State v. Van Cleave*, 239 Kan. 117, Syl. ¶ 1, 716 P.2d 580 (1986).

## THE CONSTITUTIONALITY OF K.S.A. 21-3504(a)(1)

Taylor was 20 years of age and the victim was 14 years of age when they had consensual sexual intercourse. They were not married.

K.S.A. 21-3504(a)(1) and (b) state:

"(a) Aggravated indecent liberties with a child is:
(1) Sexual intercourse with a child who is 14 or more years of age but less than 16 years of age;

. . . .

"(b) It shall be a defense to a prosecution of aggravated indecent liberties with a child as provided in subsection (a)(1) . . . that the child was married to the accused at the time of the offense."

Taylor argues K.S.A. 21-3504(a)(1) is unconstitutional under the Fourteenth Amendment to the United States Constitution. In his

written brief to this court, he contends the statute imposes a "[b]lanket proscription upon consensual, private intimate activities of all unmarried persons under age sixteen without regard to the [*sic*] maturity, [which] violates the Due Process Clause" and "proscription of protected activity for unmarried persons when such activity is protected for married persons violates the Equal Protection Clause."

Taylor did not raise this issue before the trial court. Ordinarily, an issue not presented to the trial court will not be considered for the first time on appeal. However,

"[w]hen it is necessary in order to determine the merits of the action or where the issues cannot be intelligently decided without doing so, the constitutionality of a statute should be decided, even if the parties failed to raise the constitutional question, failed to plead the question, or failed to present the question to the trial court." *State v. Gordon*, 275 Kan. 393, 408, 66 P.3d 903 (2003).

Our standard of review is stated to be:

"The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the Constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it, and if there is any reasonable way to construe the statute as constitutionally valid, that should be done. Statutes are not stricken down unless the infringement of the superior law is clear beyond substantial doubt. [Citation omitted.]" *State v. Groschang*, 272 Kan. 652, 668, 36 P.3d 231 (2001).

To prevail on appeal, Taylor must demonstrate no rational relationship exists between K.S.A. 21-3504(a)(1) and a legitimate governmental objective. See *State v. Risjord*, 249 Kan. 497, 501-02, 819 P.2d 638 (1991).

Not surprisingly, Taylor attempts to tether his constitutional arguments to the constraints K.S.A. 21-3504(a)(1) imposes on the liberties of a child rather than those of an adult. His efforts leave us singularly unimpressed. The State has a compelling interest in the well-being of its children and in the exercise of its police powers may enact legislation to protect children from adult sexual predators. See *State v. Wilson*, 267 Kan. 550, 559, 987 P.2d 1060 (1999). We conclude a rational relationship exists between K.S.A. 21-3504(a)(1) and the legitimate interests of the State.

Taylor's equal protection argument is that a "proscription of protected activity for unmarried persons when such activity is protected for married persons [under K.S.A. 21-3504(b)] violates the Equal Protection Clause." Taylor relies on *Eisenstadt v. Baird*, 405 U.S. 438, 31 L. Ed. 2d 349, 92 S. Ct. 1029 (1972). His reliance is misplaced. *Eisenstadt* concerned a criminal statute allowing doctors to prescribe contraceptives to married adults but not to unmarried adults. The Supreme Court found the classifications unreasonable and inconsistent with equal protection under the Fourteenth Amendment. 405 U.S. at 447. It is unreasonable to read *Eisenstatdt* to prohibit legislation to criminalize sexual intercourse between an adult and a child. As held in *State ex rel. O'Sullivan v. Heart Ministries, Inc.*, 227 Kan. 244, 253, 607 P.2d 1102 (1980), under the doctrine of *parens patriae*, the State has the power to legislate for the protection of minor children within its jurisdiction.

Taylor also advances an unmeritorious argument that if the victim is old enough to marry, she is old enough to have sexual intercourse with whomever she wishes. This argument compares legal apples with oranges. The State has every right to recognize the distinction between unmarried minors and married minors. It is beyond the pale to suggest such a classification is arbitrary and offers Taylor a judicial life line.

We conclude Taylor's arguments assailing the constitutionality of K.S.A. 21-3504(a)(1) are legally insufficient and unpersuasive. K.S.A. 21-3504(a)(1) does not violate the Equal Protection or Due Process Clauses within the Fourteenth Amendment to the United States Constitution. His conviction is upheld.

Affirmed.