NOT DESIGNATED FOR PUBLICATION

No. 119,569

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRIN C. SAVAGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed April 19, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before LEBEN, P.J., GREEN and POWELL, JJ.

POWELL, J.:  Darrin C. Savage appeals the district court's decision to extend his probation for 24 months after it found he had violated the terms and conditions of his probation by failing to make monthly child support restitution payments as ordered. We granted Savage's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). In its response, the State did not object to summary disposition but asked that we affirm the district court's judgment. After a review of the record, we agree with the State and affirm.

On April 5, 2000, Savage pled guilty to criminal nonsupport of a child, a severity level 10 nonperson felony, contrary to K.S.A. 21-3605 (now K.S.A. 2018 Supp. 21-

1

5606). By agreement of the parties and as allowed by the statute, the district court stayed further proceedings provided that Savage, among other things, paid child support in the amount of $209 per month. Savage also stipulated that he was in arrears in his child support obligation in the amount of $13,657.34 and agreed to pay $25 per month towards this arrearage. The district court's order indicated that any failure by Savage to comply with the order could result in termination of the stay.

On February 13, 2006, the State sought to revoke the stay, alleging that Savage had failed to make the required payments. According to the record, on November 17, 2010, it appears that Savage stipulated to failing to make payments as required, the stay was lifted, and the district court found Savage guilty.

On February 4, 2011, Savage was sentenced to 5 months in prison but was placed on probation from that sentence for a period of 12 months. By agreement of the parties, child support restitution to the Kansas Payment Center was set at $17,041.65. The sentencing journal entry reflects this. However, a restitution hearing was ordered concerning alleged child support restitution owed to the obligee in an amount of $5,000. The record does not show whether this hearing was ever held, and there is nothing else in the record to reflect any additional restitution ordered. The probation order appears to require the payment of restitution, but the amount appears to be scratched out of the order.

On August 30, 2011, the State sought to revoke Savage's probation, alleging that Savage had failed to pay "his court fees as directed by the court." The affidavit also appeared to state that Savage had not paid $149 per month for child support restitution as required. The matter was continued several times apparently due to ongoing disability proceedings concerning Savage. At a probation violation hearing held on November 14, 2011, by agreement of the parties and without a violation finding, Savage's probation was extended for 24 months.

2

On December 9, 2013, the State again sought to revoke Savage's probation due to his failure to make any child support restitution payments between June and November 2013. At a probation violation hearing held on June 17, 2014, Savage stipulated to violating the terms and conditions of his probation, and both he and the State, given Savage's recent employment and payments towards child support restitution, recommended to the district court that his probation be extended for 12 months. Given Savage's employment and the payments he had made to date, the district court extended his probation for 12 months.

On June 10, 2015, the record shows that the district court entered an order, without a motion being filed or a hearing held, extending Savage's probation to June 17, 2018, or until he completely paid his child support restitution, whichever was sooner, indicating that it was unlikely Savage would be able to pay off his child support restitution in the amount of $18,784.36 prior to the expiration of his probation on June 17, 2015. The order was issued pursuant to K.S.A. 2014 Supp. 21-6608(c)(7), which allows the probation of a defendant convicted of criminal nonsupport of a child to be extended as long as the child support restitution amount has not been fully paid. See *State v. Gordon*, 275 Kan. 393, 406, 66 P.3d 903 (2003) (no hearing required for probation extension involving probationers convicted of nonsupport of child who still owe restitution).

On December 15, 2017, the State again sought to revoke Savage's probation on account of his nonpayment of child support restitution. At a probation violation hearing on March 29, 2018, the State presented evidence showing Savage had not consistently made monthly child support restitution payments. At no time did Savage or his counsel challenge the earlier extension of his probation term. Based upon the evidence presented, the district court found Savage in violation of the terms and conditions of probation. The State argued for revocation of his probation while Savage argued his probation should be discharged given the payments he had made to date, his son was now over 18, and the case had been ongoing for nearly 20 years. Savage himself during his allocution

expressed frustration at continuing to be required to be put on probation. Ultimately, instead of revoking Savage's probation, the district court extended it for 24 months and ordered him to pay $50 per month towards his child support restitution.

Savage timely appeals.

On appeal, Savage argues that the district court abused its discretion by extending his probation for 24 months. Once a violation has been established, the decision to modify the terms of probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). "Judicial discretion is abused if [the] action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Savage bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2018 Supp. 22-3716(c)(1)(A) permits the district court to continue or modify the release conditions of probation upon a finding that a probationer has violated the terms of his or her probation. Moreover, in cases involving the criminal nonpayment of child support, the district court has the discretion to extend a defendant's probation for as long as child support restitution is owed. K.S.A. 2018 Supp. 21-6608(c)(7).

Here, Savage makes no argument that the evidence does not support the district court's finding that he violated the terms and conditions of probation. He only argues that the district court abused its discretion by extending his probation. Admittedly, this case has been going on for a long time—since the year 2000. While Savage has made payments, it is undisputed that Savage still owes restitution amounts concerning a child support arrearage. The record shows that amount is around $6,000. Given that Savage's conditions of probation are limited to him making $50 monthly payments and providing

his current address, a further extension of Savage's probation strikes us as reasonable given that the alternative is incarceration. As Savage fails to persuade us that *no* reasonable person would have taken the view of the district court, we must conclude the district court did not abuse its discretion in extending Savage's probation for 24 months.

Affirmed.