IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,706

STATE OF KANSAS,
*Appellee*,

v.

TREMAYNE M. DARKIS,
*Appellant*.


SYLLABUS BY THE COURT

Under K.S.A. 2018 Supp. 22-3716(a), a district court has authority to revoke probation and remand a criminal defendant to prison through proceedings initiated within 30 days after the period of probation has expired, but only if the revocation proceedings are initiated through a warrant or notice to appear.


Review of the judgment of the Court of Appeals in an unpublished opinion filed April 9, 2021. Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed January 28, 2022. Judgment of the Court of Appeals affirming the district court is reversed on the single issue on review. Judgment of the district court is reversed.

*James M. Latta*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Michael J. Duenes*, assistant solicitor general, argued the cause, and *Derek Schmidt,* attorney general, was with him on the briefs for appellee.


1

The opinion of the court was delivered by

LUCKERT, C.J.:  K.S.A. 2018 Supp. 22-3716(a) allows a court to initiate certain actions to revoke a criminal defendant's probation during the probationary term or within a 30-day extension allowed under subsection (e) of the same statute. Tremayne M. Darkis argues this 30-day extension applies only if the court issues a warrant or notice to appear. He insists the 30-day extension does not apply when, as happened in his case, an intensive supervision officer (ISO) issues an arrest and detain notice within 30 days of probation expiring. He argues we must set aside his probation revocation because the district court lacked authority to require him to serve his prison sentence. We agree, and we reverse the district court and the Court of Appeals holdings otherwise. See *State v. Darkis*, No. 122,706, 2021 WL 1323788, at *1 (Kan. App. 2021) (unpublished opinion).

FACTS AND PROCEDURAL BACKGROUND

Darkis pleaded no-contest to possession of marijuana and began a 12-month probation term on October 9, 2018, after the district court suspended his 30-month prison sentence. Darkis' terms of probation required him to obey all laws, refrain from using illegal drugs, attend drug treatment, report to his ISO as directed, and pay his fines and fees.

Just more than a week after Darkis' probation term ended, his ISO filed an arrest and detain notice directed to law enforcement. In an affidavit supporting the notice, the ISO stated that Darkis violated his probation when he was arrested for possession of drug paraphernalia; failed to report to his ISO after his release from federal custody; failed to complete drug treatment; and failed to pay court costs and fees.

2

After Darkis' arrest based on the ISO's letter, the district court held a revocation hearing at which the ISO testified he had not known where Darkis was after Darkis' release from federal custody. He also stated that he believed Darkis violated the law based on his arrest. Darkis testified, acknowledged the arrest, explained he was released without charge, and detailed how he was taken into federal custody two weeks later. Darkis testified he was not thinking about his Kansas probation while in federal custody in Louisiana.

The district court found Darkis violated the terms of his probation by absconding when he failed to report to his ISO. The district court's journal entry noted Darkis had committed a new crime. The district court revoked probation and ordered Darkis serve his prison sentence.

Darkis appealed, challenging the district court's authority to revoke his probation because the ISO failed to file the arrest and detain notice during his probation term. Darkis argued only a judge may authorize a post-probation term warrant or notice to appear based on K.S.A. 2018 Supp. 22-3716(e). The Court of Appeals panel rejected Darkis' argument. The panel concluded the 30-day time extension in (e) applies to an ISO's issuing an arrest and detain notice. Based on the panel's interpretation, it held the district court had the authority to revoke Darkis' probation because his ISO issued an arrest and detain notice within 30 days of the end of Darkis' probation. *Darkis*, 2021 WL 1323788, at *3-4.

Darkis also challenged the district court's finding that he absconded, arguing a failure to report is not the same as absconding. And he argued the State failed to prove he committed a new crime. The panel agreed with him on both points. *Darkis*, 2021 WL 1323788, at *5-6. The panel then noted that the district court's authority to sanction

3

Darkis for the probation violations by sending him to prison depended on the findings that he had absconded and had committed a new crime. Without lawful findings that Darkis had absconded or committed a new crime, a Kansas statute required the district court to impose intermediate sanctions rather than the prison sentence. The panel thus reversed and remanded the case to the district court to impose intermediate sanctions. *Darkis*, 2021 WL 1323788, at *6.

Darkis petitioned for review of the panel's conclusion the district court had authority to impose sanctions for his probation violation. We granted Darkis' petition for review and have jurisdiction under K.S.A. 20-3018(b) (allowing petitions for review of Court of Appeals decisions) and K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

The outcome of this appeal requires us to interpret the provisions of K.S.A. 2018 Supp. 22-3716, which address sanctions for probation violations. Statutory interpretation presents a question of law subject to unlimited review. *State v. Samuels*, 313 Kan. 876, 880, 492 P.3d 404 (2021). That means we grant no deference to the interpretation of the statute by the district court or the Court of Appeals. Instead, like those courts, we examine and give application to the language chosen by the Legislature. If the Legislature's wording is plain and unambiguous when giving words their ordinary meaning, we apply it as written. *Samuels*, 313 Kan. at 880.

K.S.A. 2018 Supp. 22-3716 has seven subsections, two of which apply here—subsections (a) and (e). Subsection (a) outlines when and how a court or a court services

4

officer or community correctional services officer, which would include Darkis' ISO, may initiate proceedings for a probation violation:

> "(a) . . . [A]t any time during which a defendant is serving a nonprison sanction for a crime committed on or after July 1, 1993, or pursuant to subsection (e), the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment, a notice to appear to answer to a charge of violation or a violation of the defendant's nonprison sanction. . . . Any court services officer or community correctional services officer may arrest the defendant without a warrant or may deputize any other officer with power of arrest to do so by giving the officer a written or verbal statement setting forth that the defendant has, in the judgment of the court services officer or community correctional services officer, violated the conditions of the defendant's release or a nonprison sanction."

As the Court of Appeals panel observed, the sentence in (a) addressing court action contains a clear time limitation: the *court* may act when the defendant is serving a nonprison sanction, here probation, or as allowed by subsection (e). But the sentence addressing court services and community correctional services officers only does not contain an express time limit. *Darkis*, 2021 WL 1323788, at *2-3.

The parties and the Court of Appeals discuss the meaning of "court" in subsection (a), which is not defined in the statute. Here, we need not opine about the legislative intent behind the word "court" because we agree with the Court of Appeals panel that it would be unreasonable to interpret the statute to limit a judge's ability to issue a warrant while allowing court services officers or community correctional officers to operate, without the various protections attendant to the issuance of a warrant, under no time limitation. Whether the Legislature meant to use the term "court" synonymously with the word "judge," we interpret the legislative intent to be that the time limitation at the

5

beginning of subsection (a)—that is, "at any time during which a defendant is serving a nonprison sanction . . . or pursuant to subsection (e)"—to apply to any of the procedures listed in subsection (a). Those procedures include issuance of a warrant or a notice to appear and an arrest by a court services or community correctional officer or any other officer authorized to arrest based on an arrest letter issued by a court services or community correctional officer.

Everyone agrees that no action was taken within the time Darkis served his nonprison sanction. So, for the court to have authority, subsection (e) and its 30-day period of extension must apply. But subsection (e) is specific as to the procedures that can be used; it applies only when a warrant or notice to appear is issued:

> "(e) The *court* shall have 30 days following the date probation . . . was to end *to issue a warrant for the arrest* or *notice to appear* for the defendant to answer a charge of a violation of the conditions of probation, assignment to a community correctional service program, suspension of sentence or a nonprison sanction." (Emphases added.) K.S.A. 2018 Supp. 22-3716.

Unlike subsection (a), subsection (e) makes no mention of a court services officer or a community correctional officer arresting a defendant without a warrant or issuing a written or verbal statement authorizing another officer with arrest powers to arrest the defendant. For the court to have authority, the process for a warrant for arrest or a notice to appear must have been used. See *State v. Skolaut*, 286 Kan. 219, 231, 182 P.3d 1231 (2008) (holding "revocation may occur after probation ends as long as a warrant, petition, or show cause order has been filed prior to or within 30 days after the expiration of the probationary term"); *State v. Gordon*, 275 Kan. 393, 399-401, 66 P.3d 903 (2003) (State filed motion to revoke probation within the 30-day window).

6

Here, no action was taken to initiate proceedings that would result in the court issuing a warrant or a notice to appear within 30 days following the end of Darkis' probation. Instead, he was arrested based on his ISO's arrest letter, a procedure not included in the language of K.S.A. 2018 Supp. 22-3716 and thus not included within the 30-day period after expiration of his probation during which the court had authority to revoke his probation. The district court acted without authority in revoking Darkis' probation and sending him to prison. We reverse the district court's order and the Court of Appeals order affirming the district court.

Judgment of the Court of Appeals affirming the district court is reversed on the single issue on review. Judgment of the district court is reversed.