NOT DESIGNATED FOR PUBLICATION

No. 125,641

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FREDDY WAYNE MILLER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Submitted without oral argument. Opinion filed February 2, 2024. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., SCHROEDER and COBLE, JJ.


PER CURIAM: Freddy Wayne Miller appeals the district court's revocation of his probation, claiming the district court lacked subject matter jurisdiction. Miller argues that, because he was arrested after his probation term had ended by an arrest warrant that was never signed by a judge, the 30-day extension period established in K.S.A. 2018 Supp. 22-3716(e) did not apply and the district court therefore lacked subject matter jurisdiction to revoke his probation. But because the court did issue a notice for Miller to appear to address the probation violations before the end of the 30-day extension period, Miller's claim fails.

1

Miller pled no contest to one count of violating the Kansas Offender Registration Act for conduct in which he engaged in January 2019. The district court granted Miller's motion for a downward dispositional departure and sentenced him to 24 months of probation with an underlying prison term of 34 months.

Miller did not do well on probation. He ultimately admitted to repeatedly violating the conditions of his probation six times, the first five of which resulted in intermediate sanctions. Miller's probation term was scheduled to end July 3, 2022.

On July 11, 2022, eight days after Miller's probation term ended, his intensive supervision officer (ISO) filed an affidavit alleging that Miller had again violated the conditions of his probation by continuing to consume alcohol, failing to report, and failing to attend outpatient treatment in the final week of his probation. Several other documents were filed with the affidavit, including an arrest warrant that had been filled out and received by the Barton County Sheriff on July 12 but, on its face, not signed by a judge.

Miller was arrested on July 18 pursuant to the unsigned warrant, and the executed copy of the arrest warrant with the officer's return still lacked a judge's signature. Above the signature line was a statement that the warrant was "[d]ated, signed and issued this 12th day of July, 2022." The date was handwritten in along with "no bond until sees Judge." Because Miller did not challenge the validity of the warrant at any time, there is no evidence in the record as to who made the handwritten notes on the warrant.

Miller had his first appearance before a judge on the same day as his arrest on the warrant, July 18, 2022. The judge went over the alleged violations, appointed counsel, and released Miller with notice of a probation violation hearing on August 12, 2022. At

the probation violation hearing, Miller admitted to the violations alleged in the affidavit. The district court revoked Miller's probation and ordered him to serve his underlying 34-month prison term.

Miller timely appealed.

ANALYSIS

On appeal, Miller claims that he "is serving an illegal prison sentence because the district court did not have jurisdiction to revoke his probation and send him to prison." See K.S.A. 2022 Supp. 22-3504(c)(1) (sentence imposed without jurisdiction is an illegal sentence). Miller relies on K.S.A. 2018 Supp. 22-3716(e), which establishes a 30-day extension period after a defendant's probation term has ended for the district court to issue an arrest warrant or notice to appear to the defendant to respond to alleged probation violations. Miller argues that because he was arrested during the 30-day extension period under an arrest warrant that was never signed by a judge, K.S.A. 2018 Supp. 22-3716(e) does not apply and the district court therefore lacked jurisdiction to revoke his probation.

*The Issue Was Properly Preserved*

The State first disputes whether Miller properly preserved his jurisdictional claim for this court's review. Miller concedes that he did not challenge the district court's subject matter jurisdiction in the district court. But subject matter jurisdiction may be raised at any time, including for the first time on appeal. *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021). Indeed, this court has a duty to question jurisdiction on its own initiative. *State v. Marinelli*, 307 Kan. 768, Syl. ¶ 1, 415 P.3d 405 (2018). Miller's failure to challenge the district court's subject matter jurisdiction before the district court does not bar him from making that argument on appeal because parties cannot confer subject

3

matter jurisdiction on a court by consent, waiver, or estoppel; nor can parties confer subject matter jurisdiction on a court by failing to contemporaneously object to its lack of jurisdiction. *State v. Soto*, 310 Kan. 242, 249, 445 P.3d 1161 (2019). And if the district court lacked subject matter jurisdiction to revoke Miller's probation, its revocation of his probation must be reversed, and the imposition of his underlying prison term vacated. See *State v. Darkis*, 314 Kan. 809, 813, 502 P.3d 1045 (2022).

*Our standard of review is unlimited.*

Whether the district court had subject matter jurisdiction to revoke Miller's probation is a question of law subject to this court's unlimited review. See *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

*Subject matter jurisdiction is the court's power to hear and decide an action.*

Subject matter jurisdiction is the power of the court to hear and decide a particular type of action. *State v. Smith*, 311 Kan. 109, 111, 456 P.3d 1004 (2020). A court must have subject matter jurisdiction as a prerequisite to entering a valid judgment. *In re Marriage of Johnston*, 54 Kan. App. 2d 516, 529-30, 402 P.3d 570 (2017). A judgment rendered without subject matter jurisdiction is therefore void, and a void judgment is a nullity that may be vacated at any time. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). As stated above, parties cannot confer subject matter jurisdiction on a court by consent, waiver, estoppel, or failing to contemporaneously object to the court's lack of jurisdiction. *Soto*, 310 Kan. at 249.

*A district court's jurisdiction over a probationer ceases with the termination of the probationary period unless the court issues a warrant or notice to appear within 30 days of said termination.*

Generally, a district court's jurisdiction over a probationer ceases with the termination of the probationary period. K.S.A. 2018 Supp. 22-3716(a) ("At any time *during probation* . . . the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment . . . ." [Emphasis added.]). But state law does provide a 30-day extension or grace period at the end of the probation term for the court "to issue a warrant for the arrest or notice to appear for the defendant to answer a charge of a violation of the conditions of probation, assignment to a community correctional service program, suspension of sentence or a nonprison sanction." K.S.A. 2018 Supp. 22-3716(e). But the violations still must have occurred during the term of the probation. Moreover, the Kansas Supreme Court has held that "this 30-day extension applies only if *the court* issues a warrant or notice to appear," not when "an intensive supervision officer (ISO) issues an arrest and detain notice." (Emphasis added.) *Darkis*, 314 Kan. at 809.

We also note that the statute does not put any limit on how many warrants may issue or how many notices to appear, as long as they are issued within the 30-day grace period for violations that occurred during the term of probation. In other words, it is not one strike and you are out with regards to maintaining jurisdiction to commence an action to revoke a defendant's probation during the 30-day grace period.

*An arrest warrant was issued within the 30-day grace period, but it was not signed by the judge.*

Here, there is no dispute that no action was taken until after Miller's probation term ended. Therefore, for the district court to have had subject matter jurisdiction to

5

revoke Miller's probation under the 30-day extension period established in subsection (e), the district court—not the ISO—must have issued the arrest warrant or a notice to appear within 30 days of the termination of Miller's probation term. It is undisputed that the warrant by which Miller was arrested was never signed by a judge. See K.S.A. 2018 Supp. 22-2304(a) (requiring that arrest warrants be signed by a magistrate). The record lacks any evidence that the district court issued the arrest warrant. Consequently, based on the record before this court, the warrant under which Miller was arrested was not issued by the district court, and the 30-day extension period established in K.S.A. 2018 Supp. 22-3716(e) did not apply to give the district court subject matter jurisdiction unless the court issued another one within the 30-day grace period, or the court issued a notice to appear within the 30-day grace period.

*The judge did provide Miller with notice to appear in district court within the 30-day grace period.*

After Miller was arrested on the unsigned warrant, and still within the 30-day grace period provided for in K.S.A. 2018 Supp. 22-3716(e), the judge personally went over the alleged violations with Miller, appointed counsel for him, and released Miller from custody, on the same day he was arrested, with a notice to appear at a probation violation hearing on August 12, 2022. The notice to appear to answer the charges at a probation revocation hearing, via Zoom, was signed by the judge. The only conditions of Miller's release were that he stay in Kansas, not use drugs or alcohol, not violate the law, stay in contact with his attorney, and report to his probation officer. The district court's notice and order lacks any money bond requirement on its face, nor is there any indication of such a requirement in the record on appeal.

We fail to see how this does not comply with the requirement that the judge issue a "notice to appear for the defendant to answer a charge of a violation of the conditions of probation," as required by K.S.A. 2018 Supp. 22-3716(e), and Miller does not argue to

6

the contrary. If we assume that the warrant was not a valid way to extend jurisdiction in the case—which we must under *Darkis*—certainly the notice to appear was. Whether the *sheriff* had the authority to arrest Miller on an unsigned warrant is not the issue before us. And the arrest became irrelevant when the judge immediately released Miller with a notice to appear, all within the statutory 30-day grace period.

We recognize that K.S.A. 2018 Supp. 22-2202(o) defines a notice to appear as a "written request, issued by a law enforcement officer, that a person appear before a designated court at a stated time and place." But K.S.A 2018 Supp. 22-3716(e) modifies that definition by requiring that the court, not a law enforcement officer, issue the notice to appear. The district court had jurisdiction to issue a notice to appear within 30 days of the conclusion of Miller's probation for violations that occurred during its term, and it did.

Accordingly, we find the district court had subject matter jurisdiction to revoke Miller's probation and order him to serve his underlying prison term when, within 30 days of the end of his probation term, it issued a notice for Miller to appear "for hearing on the allegations of probation violation."

Affirmed.